UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENT MAYKUT                                CIVIL ACTION

VERSUS                                     NO: 06-8766

METROPOLITAN PROPERTY &                    SECTION: "A" (2)
CASUALTY CO.


### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Kent Maykut.  Defendant Metropolitan Property & Casualty Co. opposes the motion.  The motion, set for hearing on November 29, 2006, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

I.   **BACKGROUND**

Plaintiff initiated this suit in state court against Metropolitan Property & Casualty Co. ("Metropolitan").  Plaintiff alleges that his immovable property located in Mereaux, Louisiana sustained severe wind and rain damage during Hurricane Katrina. Plaintiff alleges that the damages sustained far exceed the tender from Metropolitan.  Plaintiff seeks payment of the balance of his damages as well as statutory penalties and attorney's fees under Louisiana law.  La. R.S. § 22:658; La. R.S. § 22:1220.

Metropolitan removed the suit alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.

Plaintiff moves to remand the case to state court.  Plaintiff argues that Metropolitan has failed in its burden of establishing that the amount in controversy exceeds $75,000.

## II.  DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55,

2

58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two
> ways: (1) by demonstrating that it is "facially apparent"
> that the claims are likely above $75,000, or (2) by
> setting forth the facts in controversy – preferably in
> the removal petition, but sometimes by affidavit – that
> support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th
Cir. 1995)).

Plaintiff's damage estimate for the repairs to his property is
approximately $81,000 and the tender already paid to Plaintiff is
$25,985.33.  Thus, Plaintiff is seeking at least $55,014 exclusive
of the demand for penalties and attorney's fees.  The Court finds
no merit to Plaintiff's contention that the estimate that Plaintiff
submitted to Metropolitan prior to removal is not probative of the
amount in controversy.  Likewise, the Court finds no merit to
Metropolitan's contention that the amount in controversy is the
policy limit.  The petition in no way suggests that Plaintiff is
seeking the limits of his policy.  Nevertheless, the Court does
find that the amount in controversy meets the jurisdictional
minimum.

Louisiana Revised Statute 22:658, provides for a penalty
between twenty-five and fifty percent on the amount due from the
insurer, depending on which version of the statute applies.  La.
R.S. 22:658.  Even if the lower percentage is applicable, an award
of twenty-five percent on $55,014 would put the amount in

controversy at $68,767.50.  Adding a reasonable attorney's fee to this amount easily causes the amount in controversy to exceed $75,000.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Kent Maykut should be and is hereby **DENIED**.

January 4, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4